

DA 09-0631

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2010 MT 143N

RUSSELL STROMBERG,

      Petitioner and Appellant,

v.

GRETCHEN GROVE,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDR 2008-102
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Kirsten Mull Core, Law Office of Kirsten Mull Core, P.C.,
Bozeman, Montana

      For Appellee:

            Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, PLLP,
Helena, Montana

Submitted on Briefs:  June 2, 2010

Decided:  June 29, 2010

Filed:

              _____
                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Russell Stromberg (Russell) appeals from an order of the First Judicial District Court ordering him to pay a total of $ 32,216.73 to Appellee Gretchen Grove (Gretchen) for unpaid medical expenses, unpaid child support, and daycare expenses. For the reasons set forth below, we affirm.

¶3 Gretchen and Russell were never married but had two female children, currently eleven and eight years old. During the course of their lives, Gretchen has been the custodial parent and Russell's contact with the children has been limited. Throughout the girl's lives Russell has provided the girls with some financial support.

¶4 In February 2008, Russell filed a motion for an ex parte injunction and interim parenting plan in Gallatin County. The venue of Russell's petition was later changed to Lewis and Clark County. The District Court held hearings on the motion in June and July 2008. In September 2008, the District Court ordered Russell to pay one-half of the children's medical expenses, fifty percent of the daycare, and past-due child support. Russell subsequently sought a modification of the order claiming he had not been given notice that the issue of past-due medical, daycare and child support would be the subject

of the hearing. The District Court held a second hearing on July 30, 2009, and ordered Russell to pay Gretchen $ 32,216.73.

¶5 Russell now appeals from the District Court's order. We review the findings of fact in support of a district court's award of child support under the clearly erroneous standard. *In re Marriage of Williams*, 2009 MT 282, ¶ 14, 352 Mont. 198, 217 P.3d 67. Absent clearly erroneous findings of fact, we will affirm a district court's decision unless we identify an abuse of discretion. *Williams*, ¶ 14.

¶6 Russell argues the District Court erred in awarding Gretchen child support because she is equitably estopped from seeking past-due payments in this case under *Stiles v. Dept. of Public Health and Human Servs.*, 2000 MT 257, 301 Mont. 482, 10 P.3d 819. The District Court rejected the application of the doctrine of equitable estoppel and so do we. Russell has failed to demonstrate that the six required elements of equitable estoppel are present in this case. *See Stiles*, ¶ 16 (describing the elements of equitable estoppel). Furthermore, we find that the findings of facts in support of the District Court's award of child support are not clearly erroneous.

¶7 Russell also argues that the District Court erred in appointing a guardian ad litem in this case. Gretchen notes that this issue was never properly raised to the District Court and ruled upon. We agree. Because Russell failed to give the District Court an opportunity to rule upon this issue we will not consider it for the first time on appeal. *See State v. Diaz*, 2006 MT 303, ¶ 34, 334 Mont. 479, 148 P.3d 628.

¶8 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for

memorandum opinions. It is manifest on the record before us that the District Court did not abuse its discretion in its award of medical expenses, daycare expenses, and child support. Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS